IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **UNITED STATES OF AMERICA**, | Case No. 3:12-cr-00604-SI |
| Respondent, | **OPINION AND ORDER** |
| v. | |
| **STEVEN WAYNE GENTRY**, | |
| Petitioner-Defendant. | |

Billy J. Williams, United States Attorney, and Johnathan S. Haub, Assistant United States Attorney, UNITED STATES ATTORNEY'S OFFICE FOR THE DISTRICT OF OREGON, 1000 S.W. Third Avenue, Suite 600, Portland, OR 97204. Of Attorneys for Respondent United States of America.

Stephen R. Sady, Office of the Federal Public Defender, 101 SW Main Street, Suite 1700, Portland, Oregon 97204. Of Attorneys for Petitioner-Defendant.

**Michael H. Simon, District Judge.**

On April 1, 2016, Defendant Steven Wayne Gentry ("Gentry") moved to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. Gentry argues that the Supreme Court's decision in *Johnson v. United States*, 576 U.S. ---, 135 S.Ct. 2551 (2015), now establishes that the specific provision in the U.S. Sentencing Guidelines (the "Guidelines") that significantly increased his base offense level is unconstitutionally vague and was adopted by the sentencing court in error. The United States (the "Government") opposes the motion. The Government

PAGE 1 – OPINION AND ORDER

argues that Gentry's claim should be denied because: (1) *Johnson* does not apply retroactively in this case; (2) Gentry agreed in his plea agreement to waive post-conviction relief and that waiver is enforceable; (3) the motion is untimely under the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"); and (4) Gentry is procedurally barred from raising his claim. For the reasons set forth below, the Court rejects these arguments, grants Gentry's motion, and will resentence Gentry.

## STANDARDS

Under 28 U.S.C. § 2255, a federal prisoner in custody under sentence may move the court that imposed the sentence to vacate, set aside, or correct the sentence on the ground that:

> [T]he sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack . . . .

28 U.S.C. § 2255(a). To warrant relief, a petitioner must demonstrate that an error of constitutional magnitude had a substantial and injurious effect or influence on the guilty plea or the jury's verdict. *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993); *see also United States v. Montalvo*, 331 F.3d 1052, 1058 (9th Cir. 2003) ("We hold now that *Brecht*'s harmless error standard applies to habeas cases under section 2255, just as it does to those under section 2254.").

A petitioner seeking relief under § 2255 must file his or her motion within the one-year statute of limitations set forth in § 2255(f). The limitations period runs one year from the latest of four dates: (1) when the judgment of conviction becomes final; (2) when the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; (3) when the right asserted is initially recognized by the Supreme Court, if

PAGE 2 – OPINION AND ORDER

that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; and (4) when the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence. 28 U.S.C. § 2255(f).

Under § 2255, "a district court must grant a hearing to determine the validity of a petition brought under that section, '[u]nless the motions and the files and records of the case *conclusively show* that the prisoner is entitled to no relief.'" *United States v. Blaylock*, 20 F.3d 1458, 1465 (9th Cir. 1994) (alteration and emphasis in original) (quoting 28 U.S.C. § 2255). In determining whether a § 2255 motion requires a hearing, "[t]he standard essentially is whether the movant has made specific factual allegations that, if true, state a claim on which relief could be granted." *United States v. Withers*, 638 F.3d 1055, 1062 (9th Cir. 2011) (alteration in original) (quotation marks omitted). A district court may dismiss a § 2255 motion based on a facial review of the record "only if the allegations in the motion, when viewed against the record, do not give rise to a claim for relief or are 'palpably incredible or patently frivolous.'" *Id.* at 1062-63 (quoting *United States v. Schaflander*, 743 F.2d 714, 717 (9th Cir. 1984)); *see United States v. Hearst*, 638 F.2d 1190, 1194 (9th Cir. 1980). Conclusory statements in a § 2255 motion are insufficient to require a hearing. *Hearst*, 638 F.2d at 1194.

If a court denies a habeas petition, the court may issue a certificate of appealability if "jurists of reason could disagree with the district court's resolution of [the petitioner's] constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003); *see* 28 U.S.C. § 2253(c)(1). Although the petitioner is not required to prove the merits of his case, he must demonstrate "something more than the absence of frivolity or the existence of mere good faith on his or her part." *Miller-El*, 537 U.S. at 338 (quotation marks omitted).

## BACKGROUND

### A. Gentry's Guilty Plea and Sentencing

On March 12, 2013, the Superseding Information was filed in this case charging Gentry with three counts of bank robbery, two unarmed counts and one armed count, in violation of 18 U.S.C. § 2113(a) and (d). On April 2, 2013, Gentry pleaded guilty to the charges in the Superseding Information. In the plea agreement, Gentry agreed to the following waiver of many of his rights to appeal and to file for post-conviction relief:

> **Waiver of Appeal/Post-Conviction Relief**: Defendant knowingly and voluntarily waives the right to appeal from any aspect of the conviction and sentence on any grounds, except for a claim that: (1) the sentence imposed exceeds the statutory maximum, or (2) the Court arrives at an advisory sentencing guideline range by applying an upward departure under the provisions of Guidelines Chapters 4 or 5K, or (3) the Court exercises its discretion under 18 U.S.C. § 3553(a) to impose a sentence which exceeds the advisory guidelines sentencing range. Should defendant seek an appeal, despite this waiver, the USAO may take any position on any issue on appeal. Defendant also waives the right to file any collateral attack, including a motion under 28 U.S.C. § 2255, challenging any aspect of the conviction or sentence on any grounds, except on grounds on ineffective assistance of counsel, and except as provided in Fed. R. Crim. P. 33[1] and 18 U.S.C. § 3582(c)(2)[2].

---

[1] Federal Rule of Criminal Procedure 33 provides:

> (a) Defendant's Motion. Upon the defendant's motion, the court may vacate any judgment and grant a new trial if the interest of justice so requires. If the case was tried without a jury, the court may take additional testimony and enter a new judgment.
>
> (b) Time to File
>
> (1) Newly Discovered Evidence. Any motion for a new trial grounded on newly discovered evidence must be filed within 3 years after the verdict or finding of guilty. If an appeal is pending, the court may not grant a motion for a new trial until the appellate court remands the case.

PAGE 4 – OPINION AND ORDER

The parties agreed in the Plea Agreement that Gentry should be sentenced as a career offender under Guidelines § 4B1.1. The Government agreed to recommend a sentence in the low end of the advisory guideline range and to permit Gentry to seek an even lower sentence.

The U.S. Probation Office ("Probation") calculated Gentry's advisory guideline range as follows:

| | |
|---|---|
| Base Offense Level (§ 2B3.31): | 20 |
| Specific Offense Characteristics: | |
| § 2B3.1(b)(1) (loss to financial institute) | +2 |
| § 2B3.1(b)(2)(C) (displayed firearm) | +5 |
| § 3D1.4 (multiple counts) | +2 |
| Offense level without career offender | 29 |
| | |
| Offense level as career offender (§ 4B1.1) | 34 |
| Acceptance of Responsibility (§ 3E1.1): | -3 |
| Total Offense Level: | 31 |

Because all parties agreed that Gentry would be sentenced as a career offender, his criminal history category was VI. *See* U.S.S.G. § 4B1.1(b) ("A career offender's criminal history category in every case under this subsection shall be Category VI."). Probation also calculated

---

> (2) Other Grounds. Any motion for a new trial grounded on any reason other than newly discovered evidence must be filed within 14 days after the verdict or finding of guilty.

[2] 18 U.S.C. § 3582(c)(2) provides:

> Modification of an imposed term of imprisonment.—The court may not modify a term of imprisonment once it has been imposed except that—(2) in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

Gentry's criminal history category without career offender designation, and it remained category VI. ECF 25 ¶ 58.

With Gentry's criminal history category VI, his offense level of 31 produced an advisory sentencing range of 188 to 235 months. Probation also recommended a three-level downward departure for diminished capacity (§ 5K2.13), for a resulting offense level of 28 and a Guideines range of 140 to 175 months. Probation further recommended a downward variance based on the factors set forth in 18 U.S.C. § 3553(a). Probation recommended a variance equivalent to a three-level reduction in the Guidelines range, for the equivalent of an offense level of 25 and a Guidelines range of 110 to 137 months. Probation then recommended a sentence of 120 months.

The Government concurred with Probation's calculation of an offense level of 31, before departures other than acceptance of responsibility. The Government then recommended a one-level departure for agreed-upon concessions and a two-level departure for diminished capacity. This resulted in a proposed offense level of 28, with a Guidelines range of 140-175 months. The Government recommended concurrent 140-month sentences, although at the sentencing hearing the Government indicated that it also believed the 120-month sentence recommended by Probation was fair.

The Court adopted Probation's sentencing report without change. The Court considered the § 3553(a) factors and sentenced Gentry to 120 months imprisonment for each of the three charges, to be served concurrently, and to be followed by four years of supervised release.

The parties had agreed that Gentry qualified as a career offender under § 4B1.1(b) based on his previous conviction in 1999 for assault with a deadly weapon and his conviction in 2006 for evading an officer. ECF 25 ¶¶ 49, 51. The parties agreed that each of these crimes qualified as "crimes of violence" under § 4B1.2(a)(2). Gentry's remaining criminal history consisted of

PAGE 6 – OPINION AND ORDER

reckless driving, failure to obey a police officer, simple assault, and receiving stolen property. *Id.* ¶¶ 49-55. His designation as a career offender raised Gentry's offense level from 29 to 34, before the reduction for acceptance of responsibility and other variances or departures.

As relevant here, a "crime of violence" is defined in the Guidelines as "any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that . . . involves conduct that presents a serious potential risk of physical injury to another." U.S.S.G. § 4B1.2(a)(2). The relevant portion of the Armed Career Criminal Act (the "ACCA") defines the term "violent felony" in exactly the same manner that the Guidelines define "crime of violence."[3] *See* 18 U.S.C. § 924(e)(2)(B)(ii) ("the term 'violent felony' means any crime punishable by imprisonment for a term exceeding one year . . . [that] involves conduct that presents a serious potential risk of physical injury to another").

In *Sykes v. United States*, 564 U.S. 1 (2011), the Supreme Court held that when the driver of a vehicle knowingly or intentionally flees from law enforcement, the individual commits a "violent felony" as defined by the ACCA. *Id.* at 2270. Thus, it was a reasonable assumption for the parties to conclude that Gentry's prior conviction for eluding police constituted a "crime of violence" for purposes the career offender enhancement.

If Gentry had not been sentenced as a career offender based upon § 4B1.2(a)(2), *Sykes*, and Gentry's prior state court conviction for fleeing the police, his offense level after the six-level downward departures for acceptance of responsibility and diminished capacity would have been 23, instead of 28. The resulting Guidelines range would have been 92 to 115 months,

---

[3] The Ninth Circuit "make[s] 'no distinction between the terms 'violent felony' [as defined in the ACCA] and 'crime of violence' [as defined in § 4B1.2(a)(2) of the Sentencing Guidelines] for purposes of interpreting the residual clause[s].'" *United States v. Spencer*, 724 F.3d 1133, 1138 (9th Cir. 2013) (first alteration added) (quoting *United States v. Crews*, 621 F.3d 849, 852 n.4 (9th Cir. 2010)).

PAGE 7 – OPINION AND ORDER

without the benefit of the additional three-level downward variance that Probation recommended, instead of the 140 to 175 months from his original sentencing calculation. With the downward variance recommended by Probation, equivalent to a three-level reduction, Gentry's offense level would have been 20 instead of 25, and the resulting Guidelines range would have been 70 to 87 months instead of 110 to 137 months.

## B. Developments After Gentry's Sentencing

### 1. Supreme Court's Opinion in *Johnson*

On June 26, 2015, the Supreme Court issued its opinion *Johnson*. In *Johnson*, the petitioner pleaded guilty to being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g). *Id.* at 2556. The government requested an enhanced sentence under § 924(e)(1) of the ACCA, which provides that a defendant with three prior convictions for "violent felonies" faces a mandatory minimum sentence of 15 years. *Id.* The government argued that three of Johnson's previous offenses, one of which was for unlawful possession of a short-barreled shotgun, qualified as "violent felonies." *Id.* The district court agreed, and the Eighth Circuit affirmed. *Id.* Upon review, the Supreme Court considered whether the ACCA's definition of a "violent felony" as any felony that "'involves conduct that presents a serious potential risk of physical injury to another'" is unconstitutionally vague. *Id.* at 2555 (quoting 18 U.S.C. § 924(e)(2)(B)(ii)). This definition is commonly known as the ACCA's "residual clause." *Id.* at 2556.

The Supreme Court explained that its previous opinions interpreting the ACCA's residual clause, including *Sykes*, "failed to establish any generally applicable test" and that "[d]ecisions under the residual clause have proved to be anything but evenhanded, predictable, or consistent." *Id.* at 2559, 2563. The Court held that the ACCA's residual clause violated the Constitution's guarantee of due process and overruled *Sykes* and other decisions interpreting the clause. *Id.*

PAGE 8 – OPINION AND ORDER

at 2563. Thus, after *Johnson*, the sentences of criminal defendants can no longer be increased using the ACCA's residual clause. In its opinion, the Court did not explicitly discuss whether *Johnson* applied retroactively on collateral review to individuals sentenced under the ACCA's residual clause. The Court also did not discuss the identically worded residual clause in the Career Offenders Guideline, § 4B1.2(a)(2).

### 2. Supreme Court's Opinion in *Welch*

On April 18, 2016, the Supreme Court issued its decision in *Welch v. United States*, 578 U.S. ---, 136 S.Ct. 1257 (2016). In *Welch*, the petitioner challenged the enhancement of his sentence, which was increased under the ACCA's residual clause that the Supreme Court had found unconstitutionally vague in its *Johnson* decision. The issue in *Welch* was whether the *Johnson* decision was a substantive rule that applied retroactively. The Supreme Court held that its decision in *Johnson* announced a substantive rule that applied retroactively on collateral review. 136 S.Ct. at 1265.

### 3. Supreme Court's Opinion in *Molina-Martinez*

On April 20, 2016, the Supreme Court issued its decision in *Molina-Martinez v. United States*, 578 U.S. ---, 136 S.Ct. 1338 (2016). In *Molina-Martinez*, the petitioner challenged his sentence, which had erroneously been calculated by the district court applying a higher Guidelines range than was applicable. The error went unnoticed by the parties and the district court and was not considered until the petitioner raised it on appeal. 136 S.Ct. at 1341. The Court of Appeals for the Fifth Circuit refused to correct the error, finding that the petitioner could not establish a reasonable probability that but for the error the defendant would have received a different sentence. *Id.*

The Supreme Court noted that the Guidelines "provide the framework for the tens of thousands of federal sentencing proceedings that occur each year," that the Guidelines play a

PAGE 9 – OPINION AND ORDER

"significant role in sentencing," and that "[a]t the outset of the sentencing proceedings, the district court must determine the applicable Guidelines range." *Id.* at 1342. The Supreme Court held:

> Nothing in the text of Rule 52(b), its rationale, or the Court's precedents supports a requirement that a defendant seeking appellate review of an unpreserved Guidelines error make some further showing of prejudice beyond the fact that the erroneous, and higher, Guidelines range set the wrong framework for the sentencing proceedings. This is so even if the ultimate sentence falls within both the correct and incorrect range. When a defendant is sentenced under an incorrect Guidelines range—whether or not the defendant's ultimate sentence falls within the correct range— the error itself can, and most often will, be sufficient to show a reasonable probability of a different outcome absent the error.

*Id.* at 1345. The Supreme Court further explained:

> Today's holding follows from the essential framework the Guidelines establish for sentencing proceedings. The Court has made clear that the Guidelines are to be the sentencing court's "starting point and . . . initial benchmark." Federal courts understand that they "*must* begin their analysis with the Guidelines and remain cognizant of them throughout the sentencing process." The Guidelines are "the framework for sentencing" and "anchor . . . the district court's discretion." "Even if the sentencing judge sees a reason to vary from the Guidelines, if the judge uses the sentencing range as the beginning point to explain the decision to deviate from it, *then the Guidelines are in a real sense the basis for the sentence*.
>
> The Guidelines' central role in sentencing means that an error related to the Guidelines can be particularly serious. A district court the "improperly calculat[es] a defendant's Guidelines range, for example, has committed a significant procedural error. That same principle explains the Court's ruling that a "retrospective increase in the Guidelines range applicable to a defendant creates a sufficient risk of a higher sentence to constitute an *ex post facto* violation."

*Id.* at 1345-46 (alterations in original) (emphasis in original) (quotation marks and citations omitted).

PAGE 10 – OPINION AND ORDER

## DISCUSSION

Gentry argues that the same vagueness problem that caused the ACCA's residual clause to be unconstitutional in *Johnson* also renders the identically-worded residual clause in the Career Offenders Guideline, § 4B1.2(a)(2), unconstitutional. Thus, Gentry argues, his sentence violates due process of law because his base offense level was increased when the parties assumed he should be sentenced as a career offender under § 4B1.2(a)(2), an unconstitutionally vague Guideline provision. Gentry asserts that the Court must resentence him without applying the career offender enhancement to remedy the constitutional violation.

The Government acknowledges that this Court has previously held that *Johnson* applies retroactively, and applies equally to invalidate the residual clause in the Guideline career offender provision as it does to invalidate the identically-worded clause in the ACCA. *See United States v. Dean*, --- F. Supp. 3d ---, 2016 WL 1060229 (D. Or. Mar. 15, 2016). Nonetheless, the Government opposes Gentry's motion, arguing that Gentry is not eligible for relief because: (A) *Johnson* does not apply retroactively in this case; (B) Gentry agreed in his plea agreement to waive post-conviction relief and that waiver is enforceable; (C) the motion is untimely under the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"); and (D) Gentry failed to raise his claim on direct appeal and has thus procedurally defaulted on his claim.

### A. Retroactivity of *Johnson*

The Government argues that under *Teague v. Lane*, 489 U.S. 288 (1989), *Johnson* does not apply retroactively. The Government filed its brief after the Supreme Court's opinion in *Welch* was issued, and yet the Government's brief is silent on the fact that the Supreme Court

held in *Welch* that under *Teague*, *Johnson* announced a substantive rule that applied retroactively on collateral review.[4]

The Government also argues that *Johnson* does not apply retroactively in the context of a challenge to a Guidelines enhancement under the residual clause of the career offender provision because Guidelines errors are procedural and not substantive. For the reasons set forth in this Court's opinion in *Dean*, the Court finds that *Johnson* invalidates the residual clause of the Guidelines' career offender provision, which is identically-worded to the residual clause in the ACCA. The Court notes that although the Ninth Circuit has not yet reached this precise issue, other federal appellate courts in other circuits have reached the same conclusion as this Court. *See United States v. Pawlak*, --- F.3d ---, 2016 WL 2802723, at *8 (6th Cir. May 13, 2016) ("After *Johnson*, no one disputes that the identical language of the Guidelines' residual clause implicates the same constitutional concerns as the ACCA's residual clause. In the words of the Tenth Circuit, '[g]iven our reliance on the ACCA for guidance in interpreting § 4B1.2, it stretches credulity to say that we could apply the residual clause of the Guidelines in a way that is constitutional, when courts cannot do so in the context of the ACCA.' [*United States v.*] *Madrid*, 805 F.3d [1204,] 1211 [10th Cir. 2015]. Our reading of the current state of the law as established by the Supreme Court compels our holding that the rationale of *Johnson* applies equally to the residual clause of the Guidelines. Accordingly, we hold that the residual clause of U.S.S.G. § 4B1.2(a) is unconstitutionally vague."); *see also United States v. Welch*, 2016 WL 536656, at *4 (2d Cir. Feb. 11, 2016); *United States v. Townsend*, 2015 WL 9311394, at *4 (3d Cir. Dec. 23, 2015); *Madrid*, 805 F.3d at 1210-11.

---

[4] The Government notes that the Supreme Court had granted *certiorari* in *Welch* to answer whether *Johnson* applies retroactively on collateral review in an ACCA case, but then the Government ignores the Supreme Court's decision. ECF 42 at 10.

PAGE 12 – OPINION AND ORDER

Further, other district courts have followed *Dean* in finding that collateral review based on alleged *Johnson* errors in calculating the applicable Guidelines range is reviewable under a § 2255 motion.[5] *See Gilbert v. United States*, 2016 WL 3443898 (W.D. Wash. June 23, 2016); *United States v. Arredondo*, 2016 WL 3448596 (E.D. Wash. June 20, 2016); *United States v. Suttle*, 2016 WL 3448598, at *3 (E.D. Wash. June 20, 2016); *United States v. Ramirez*, --- F. Supp. 3d ---, 2016 WL 3014646 (D. Mass. May 24, 2016). Accordingly, the Government's arguments are rejected, and the Court finds that the rule announced in *Johnson* applies retroactively to cases on collateral review, including cases involving sentences imposed as a career offender under the residual clause of Guidelines § 4B1.2(a)(2).

## B. Plea Waiver

The Government argues that the Court's reasoning in *Dean* does not apply because that case did not involve issues of waiver in the plea agreement. The Government is technically correct—the Court did not resolve the issue of waiver in *Dean*. The Court did not have to resolve the issue, however, because in *Dean* the government conceded that the waiver contained in Mr. Dean's plea agreement (identical to the waiver contained in Gentry's plea agreement) would not serve to bar Mr. Dean's collateral attack under § 2255. *See United States v. Dean*, Case No. 3:13-cr-0137-SI, ECF 62 at 5 (the government's response brief, stating that although "Dean filed a 2255 despite his express waiver of his right to do so," the motion is "permissible given the constitutional basis for his challenge"). It is not clear why the Government is not making a

---

[5] The Court notes that on June 27, 2016, the Supreme Court granted *certiorari* in *Beckles v. United States*, Case No. 15-8544, to resolve whether *Johnson* applies retroactively to collateral cases challenging sentences enhanced under the residual clause of the Guidelines' definition of "crime of violence" in the career offender provision, § 4B1.2(a)(2). No party, however, has asked the Court to stay Gentry's § 2255 motion pending the Supreme Court's decision, and the Court thus resolves the motion in the usual course.

PAGE 13 – OPINION AND ORDER

similar concession in this case and instead argues to the contrary that the waiver is valid and enforceable. As the Court noted in its decision in *Dean*:

> In the Ninth Circuit, an appeal waiver made knowingly and voluntarily and otherwise in compliance with Federal Rule of Criminal Procedure 11 will bar collateral attacks on a sentence in all but three circumstances: (1) the sentencing judge informs a defendant that he or she retains the right to appeal; (2) the defendant's "sentence does not comport with the terms of the plea agreement;" or (3) "the sentence violates the law." *United States v. Bibler*, 495 F.3d 621, 624 (9th Cir. 2007). "A sentence is illegal if it exceeds the permissible statutory penalty for the crime *or violates the Constitution*." *Id.* (emphasis added).

*Dean*, 2016 WL 1060229, at *4 n.6. The Ninth Circuit has stated that "an appeal waiver will not apply if the sentence violates the Constitution." *United States v. Odachyan*, 749 F.3d 798, 801 (9th Cir. 2014).

Because the Court has found, under *Johnson*, that Gentry's sentence was based on a Guidelines provision that violated the law, Gentry's waiver is not enforceable against the collateral attack he raises in this motion. *See Gilbert*, 2016 WL 3443898, at *2 ("Because the Government admits that Petitioner was sentenced under a Guidelines clause that is unconstitutionally vague after *Johnson*, Petitioner has not waived his right to collaterally attack his sentence."); *Arredondo*, 2016 WL 3448596, at *1-2 (holding that because *Johnson* applies retroactively to invalidate the Guidelines residual clause defining a violent offender for purposes of career offender status, the petitioner's sentence was against the law and thus the waiver in the defendant's plea agreement is not enforceable); *cf. United States v. McBride*, --- F.3d ---, 2016 WL 3209496, at *1 (6th Cir. June 10, 2016) (noting that the appellate waiver in the defendant's plea agreement would apply, except to arguments that could not have been made pre-*Johnson* because "a defendant can abandon only '*known* right[s]'" and the defendant "could not have

PAGE 14 – OPINION AND ORDER

intentionally relinquished a claim based on *Johnson*, which was decided after his sentencing" (emphasis in original) (alteration in original) (citation omitted)).

## C. Timeliness

The Government also argues that Gentry's petition is untimely because he needed to file his § 2255 motion within one year from when his judgment of conviction became final. Under 28 U.S.C. § 2255(f), however, the one-year limitations period runs from the *latest of*:

> (1) the date on which judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Because *Johnson* recognized a "new" and retroactively applicable rule, Gentry had until June 26, 2016 to file his petition, which is one year from the date the Supreme Court issued its opinion in *Johnson*. *See Gilbert*, 2016 WL 3443898, at *2. Gentry filed his motion on April 1, 2016. Thus, it is timely.

## D. Procedural Default

The Government further argues that Gentry's claim is barred under the doctrine of procedural default because Gentry did not raise his argument earlier on direct appeal. *See Sanchez-Llamas v. Oregon*, 548 U.S. 331, 350-51 (2006) ("The general rule in federal habeas cases is that a defendant who fails to raise a claim on direct appeal is barred from raising the claim on collateral review."). A petitioner who challenges his sentence under § 2255 without first

PAGE 15 – OPINION AND ORDER

raising his claim on direct appeal procedurally defaults the claim. *United States v. Ratigan*, 351 F.3d 957, 962 (9th Cir. 2003). A petitioner may overcome procedural default and raise the claim in a habeas petition "'only if the defendant can first demonstrate either cause and actual prejudice or that he is actually innocent.'" *United States v. Braswell*, 501 F.3d 1147, 1149 (9th Cir. 2007) (quoting *Bousley v. United States*, 523 U.S. 614, 622 (1998)).

Gentry's claim is procedurally defaulted because he did not file a direct appeal of his sentence. Gentry does not argue that he is actually innocent. Thus, to overcome procedural default, Gentry must establish both cause for the failure to raise his claim on direct review and actual prejudice resulting from the error in calculating his advisory sentencing range. The Government does not dispute that Gentry has shown cause, but only argues that Gentry fails to show any prejudice because he was sentenced below the applicable advisory Guidelines range and he cannot show that he would have received a lesser sentence.[6]

A petitioner satisfies the prejudice prong by demonstrating that the alleged error "'worked to his *actual* and substantial disadvantage, infecting his entire trial with error of constitutional dimensions.'" *Braswell*, 501 F.3d at 1150 (emphasis in original) (quoting *United States v. Frady*, 456 U.S. 152, 170 (1982)). Demonstrating that the alleged error "'created a *possibility* of prejudice'" is not sufficient. *Id.* (emphasis in original) (quoting *Frady*, 456 U.S. at 170).

In *Dean*, the Court rejected the same argument that the Government makes here. *Dean*, 2016 WL 1060229, at *7-12. The Court emphasized the importance of the Guidelines as a the starting point and initial benchmark for imposing sentence and the Court noted that failing

---

[6] The Court notes that the Government erroneously states that the Court "selected a below the guidelines 97-month sentence, and nothing about *Johnson* undermines the substantive reasonableness of that determination." ECF 42 at 8. The Court imposed a 120-month, and not a 97-month, sentence.

PAGE 16 – OPINION AND ORDER

accurately to calculate the Guideline range "derails" the sentence proceedings. *Id.* at *12. The Court quoted the Supreme Court's decision in *Peugh v. United States*, which noted that "when a Guidelines range moves up or down, offenders' sentences move with it." 133 S.Ct. 2072, 2084 (2013). The Court concluded that:

> The Court finds that because Dean's advisory sentencing range was calculated using what the Government stipulates was an unconstitutionally vague provision, Dean suffered an error that "worked to his *actual* and substantial disadvantage, infecting his entire [sentencing proceedings] with error of constitutional dimensions." Thus, Dean has made the requisite showing of actual prejudice sufficient to overcome procedural default.

*Dean*, 2016 WL 1060229, at *12 (emphasis in original) (alteration in original) (citation omitted).

The Court's reasoning in *Dean* was recently solidified by the Supreme Court's opinion in *Molina-Martinez*. Although *Molina-Martinez* was in the context of a direct appeal, and not collateral review, the Supreme Court's reasoning supports this Court's analysis in *Dean*. In *Molina-Martinez*, the Supreme Court emphasized the critical role the Guidelines play in sentencing and noted that even if the sentencing court varies from the Guidelines, "if the judge uses the sentencing range as the beginning point to explain the decision to deviate from it, *then the Guidelines are in a real sense the basis for the sentence*." *Molina-Martinez*, 136 S.Ct. at 1345 (emphasis in original). The Supreme Court further noted that "an error related to the Guidelines can be particularly serious" and "set[s] the wrong framework for the sentence proceedings." *Id.* The Supreme Court thus concluded that for direct review of a Guidelines error, "[w]hen a defendant is sentenced under an incorrect Guidelines range—whether or not the defendant's ultimate sentence falls within the correct range—the error itself can, and most often will, be sufficient to show a reasonable probability of a different outcome absent the error." *Id.*

The Court's analysis in *Dean* applies equally in this case. Gentry was originally sentenced under a framework that was "infected" by the wrongful conclusion that Gentry should

PAGE 17 – OPINION AND ORDER

be sentenced as a career offender, an "error of constitutional dimensions." *See Braswell*, 501 F.3d at 1150. This "wrong framework" was "in a real sense the basis for [Gentry's] sentence." *See Molina-Martinez*, 136 S.Ct. at 1345. Accordingly, Gentry has made the requisite showing of actual prejudice sufficient to overcome procedural default.

## CONCLUSION

The Court GRANTS Gentry's Motion to Vacate or Correct Sentence under 28 U.S.C. § 2255. ECF 31. The Court vacates and sets aside the Judgment. ECF 28. The Court will set a resentencing hearing to resentence Gentry, permit him to submit objections to his Presentence Report pursuant to Federal Rule of Criminal Procedure 32(i)(1)(D), and allow both sides to argue for an appropriate and lawful sentence.

**IT IS SO ORDERED**.

DATED this 7th day of July, 2016.

/s/ Michael H. Simon
Michael H. Simon
United States District Judge